| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. |
| v. | ) 3:07 CR 154 |
| | ) |
| ALVIN WOODY, et al., | ) JUDGE CONRAD |
| | ) |
| | ) MAGISTRATE HORN |
| Defendants. | ) |

**DEFENDANT ALVIN WOODY'S MOTION TO DISMISS INDICTMENT, OR, IN THE ALTERNATIVE, TO SUPPRESS ALL SEIZED DOCUMENTS, OR, IN THE ALTERNATIVE, TO APPOINT A SPECIAL MASTER**

Defendant Alvin Woody, through counsel, hereby moves this Court to either dismiss this action pursuant to the Sixth Amendment of the United States Constitution or to suppress all documents seized from Woody Pharmacy – Mooresville and Woody Pharmacy – Denver. In the alternative, Defendant moves for the appointment of a Special Master to immediately review and inspect all of the government's documents and records relating to this case, including those documents and records seized from Woody Pharmacy – Mooresville and Woody Pharmacy – Denver and from all other defendants in this case.

1

Defendant requests that upon appointment of a Special Master, all office procedures and case documents be reviewed for the purpose of determining: (1) the integrity of the government's document maintenance procedures; (2) the integrity of the government's taint team procedures; (3) the extent of the unlawful disclosure of Defendant Woody's privileged documents to other parties to this action; (4) whether the government is in possession of any documents that may be privileged that it has not yet turned over to Defendant Alvin Woody; (5) whether any privileged documents have been disclosed to the prosecutors in this case or to the grand jury; and (6) the resolution of other issues raised by Defendant in the attached Memorandum.

This Motion is based on the statement of facts and the legal analysis contained in the Memorandum in Support that follows.

This 30th day of August, 2007.

Respectfully submitted,

/s/ Craig Gillen
Craig Gillen   GA Bar # 294838
Gillen, Parker & Withers, LLC
One Securities Center
3490 Piedmont Road NE
Suite 1050
Atlanta, GA  30305
Tel:  (404) 842-9700
Fax:  (404) 842-9750
E-mail:  cgillen@gcpwlaw.com

COUNSEL FOR DEFENDANT ALVIN WOODY

/s/ Richard Deke Falls
Richard Deke Falls
BARNETT & FALLS, P.A.
130-C North McDowell St
Charlotte NC 28204-2268
Tel: (704) 334-2044
Fax: (704) 334-2095
E-mail: deke@arnettfalls.com

/s/ Janet Kravitz
Janet Kravitz
Max Kravitz
KRAVITZ, BROWN & DORTCH, LLC
65 East State Street, Suite 200
Columbus, Ohio 43215
Tel: (614) 464-2000
Fax: (614) 464-2002
E-mail: jkravitz@kravitzllc.com

COUNSEL FOR DEFENDANT ALVIN WOODY

## MEMORANDUM IN SUPPORT

I. INTRODUCTION

The document maintenance and taint team procedures utilized by the United States Attorney's Office for the Western District of North Carolina in the present case may have violated Defendant Alvin Woody's Sixth Amendment right to counsel. The task of a taint team is to ensure the integrity of the judicial process by safeguarding a defendant's privileged attorney-client communications. Based on information available to Defendant, it appears that a failure to safeguard this privilege has resulted in a violation of Mr. Woody's constitutional rights.

II. FACTS

On May 23, 2006, the government conducted a search of the pharmacies identified in the Indictment as Woody Pharmacy – Mooresville and Woody Pharmacy – Waterside pursuant to search warrants attached hereto as Exhibits A-1 and A-2. Documents, computer files, computers and other things were seized from the pharmacies as evidenced by the search warrant returns attached hereto as Exhibit B-1 and B-2.

On approximately May 26, 2006, the issue of the seizure of privileged documents was raised by counsel for Alvin Woody with the government. Government counsel informed Defendant's counsel that a "taint team" would be reviewing the documents in the first instance, i.e., previous to any review by the

prosecutor in this case, and that any potentially privileged documents would be submitted to Defendant. In order to facilitate the taint team's review, Defendant provided the government with a list of search terms to aid it in its review of documents and computer files seized from Woody Pharmacy – Mooresville and Woody Pharmacy – Waterside.

On approximately June 16, 2006, the government's taint team representative forwarded its first set of documents to Defendant. Some of these documents were identified as clearly privileged; others were submitted for Defendant's review and comment. Defendant then identified additional documents from the documents submitted that he deemed privileged. Defendant's identification of additional documents deemed privileged was communicated to the taint team representative. The taint team representative stated that further submissions of documents would be made as document review progressed.

In regard to the first submission of documents, defense counsel questioned why there was not a single computer data file that was identified as potentially privileged. It appeared highly unlikely that no communications from or to counsel would have been saved on one of the 5 computer hard drives seized or 17 computer hard drives mirrored. Defense counsel questioned the taint team representative regarding the thoroughness of the search of the computers; however, the taint team representative responded that a full review of the computer files had been

conducted. Defense counsel continues to question the thoroughness of the taint team's computer search.

On approximately May 15, 2007, after many telephone calls and e-mails inquiring as to the status of the next privileged document submission, the taint team representative forwarded a second group of documents for Defendant's review. Again, some of the documents were identified as clearly privileged; others were submitted for defense counsel's review and comment. The documents were separated into five rubber-banded packets. The documents were not Bates-stamped or identified in any way. The only indication of the origin of any of the documents was a notation in the accompanying letter stating, "There were two notebooks in the materials (they are at the end of the copied materials)."

Upon defense counsel's review of the second group of documents, it became immediately obvious that something was gravely wrong. Out of the approximately 800 pages of documents submitted by the taint team representative, 480 pages of documents could not possibly have been seized from Woody Pharmacy – Mooresville or Woody Pharmacy – Waterside. These documents were most certainly seized from the residence of Defendant Kathy Giacobbe and had no relation to Defendant Woody or the pharmacies. These documents included detailed billing statements to Kathy Giacobbe and her husband from lawyers, privileged correspondence and e-mails from lawyers to the Giacobbes, pleadings

filed in various cases on behalf of the Giacobbes, Giacobbe tax returns, correspondence and notices from the IRS to the Giacobbes, Giacobbe investment documents, tax bills, I.R.S. Form W-2's, I.R.S. Form 1099's, deeds, HUD statements, and other documents. A copy of these documents will be filed under seal with the Court, at the Court's request, to prevent any further violation of the attorney-client privilege than has already occurred.

The government's error was shown to be even more extensive when a more detailed inspection of the documents was performed by defense counsel. The fourth rubber-banded packet of documents contained not only documents that were clearly seized from Defendant Kathy Giacobbe's residence, but also privileged documents that were clearly seized from Defendant Woody's business. Again, these documents were not identified in any way other than the rubber band groupings.

Defense counsel contacted the taint team representative for the purpose of scheduling a meeting to discuss Defendant's deep concerns relating to the corruption of the document and taint team procedures. That meeting took place on approximately June 22, 2007. The taint team representative agreed to follow up with defense counsel and seek an explanation as to how such a serious violation could have occurred. As of the date of this Motion, no explanation has been provided.

7
Case 3:07-cr-00154-RJC    Document 64    Filed 08/30/07    Page 7 of 16

The conduct of the government, as described above, raises very serious issues regarding the integrity of both the government's document maintenance/chain of custody procedures and the government's taint team procedures. If the government believes that documents seized from Kathy Giacobbe's residence are attributable to Defendant Woody and the seizures that took place at the pharmacies, then there must have been a total breakdown in document organization and maintenance, chain of custody, and taint team procedure. The issues include:

A. What office procedures are in place that must be followed by a "taint team"? Are the procedures in writing? Does the procedure require that documents be Bate stamped?

B. What were the actual procedures used by the taint team in this case?

C. What procedures are in place that would prevent documents seized from the residence of Kathy Giacobbe to be submitted to counsel for Defendant Woody?

D. Were documents seized from Defendant Woody provided to any other defendant or third party?

E. Was the breakdown of the procedures due to a negligent or intentional act?

F.  Do additional privileged documents exist that have not been provided to Defendant Woody?

G.  Why did it take one year from seizure (and only two months prior to indictment) to review and identify potentially privileged documents when the grand jury was meeting for that full year and the government's counsel would likely have needed access to all of those documents during that time period?

H.  Were any privileged documents viewed by the prosecutors or presented to the grand jury?

## III. LEGAL DISCUSSION

It is clear that the document maintenance and taint team procedures utilized by the United States Attorney's Office for the Western District of North Carolina were flawed and failed to protect the rights of the Defendants in this case. The procedural flaws are clearly demonstrated by Defendant Woody's receipt of documents (many of these privileged) that were seized from a co-defendant's residence. The government has failed to provide an adequate explanation as to how such an egregious mistake could have been made – in fact, the government has failed to provide any response to Defendant Woody's inquiry. The government's conduct resulting in such a mistake immediately raises the question of other potential mistakes, including the release of privileged documents to the investigative team and the grand jury.

The attorney-client privilege has long been recognized as one of the most important private privileges and may only be overcome in rare situations. *In re Grand Jury Subpoenas 04-124-03 and 04-124-05*, 454 F.3d 511, 519–20 (6th Cir. 2006) (noting the existence of the privilege dating as far back as 1580 in English common law). The privilege is "key to the constitutional guarantees of the right to effective assistance of counsel and a fair trial." *United States v. Neill*, 952 F. Supp 834, 839 (D.D.C. 1997) (citing *Coplon v. United States*, 191 F.2d 749, 757 (D.C. Cir. 1951). Although the grand jury process is powerful, even it cannot override the attorney-client privilege. *In re Grand Jury Subpoenas*, 454 F.3d at 518.

The use of taint teams to protect the attorney-client privilege is highly disfavored by many courts because of the risk of leaks to the prosecution team. *See, e.g.*, *In re Grand Jury Subpoenas*, 454 F.3d 511; *United States v. Lin Lyn Trading, Ltd.*, 149 F.3d 1112 (10th Cir. 1998); *In re Seizure of All Funds on Deposit in Accounts in Names of National Electronics, Inc. at JP Morgan Chase Bank*, 2005 WL 2174052 (S.D.N.Y. 2005); *Neill*, 952 F. Supp. 834. "[T]aint teams present inevitable, and reasonably foreseeable, risks to privilege." *In re Grand Jury Subpoenas*, 454 F.3d at 523. One district court has noted that "reliance on review by a 'wall' Assistant in the context of a criminal prosecution should be avoided when possible." *In re Seizure of All Funds*, 2005 WL 2174052, at *3.

The use of a taint team creates an appearance of unfairness against the defendant. *Neill*, 952 F. Supp. at 841 n.14. The government's choice to utilize a taint team has been held to be a *per se* intentional intrusion into the attorney-client privilege. *Id.* at 840–41. Therefore, there is a presumption that tainted material was provided to a prosecution team and the government bears the burden of rebutting this presumption. *Id.* at 841. It is an infringement upon the defendant's constitutional rights if privileged information communicated to the prosecuting team is in any way used to the defendant's detriment. *Id.* In order to meet its burden and prove that there has been no infringement upon a defendant's constitutional rights, the government must demonstrate that no privileged information has been communicated to the prosecutors or used to a defendant's detriment. *Id.*

Here, the procedures utilized by the government's taint have proven to be grossly flawed. Privileged documents seized from Defendant Kathy Giacobbe's residence were produced to Defendant Woody. Regardless of whether taint team's conduct was intentional or merely negligent, its occurrence demonstrates that the government failed to preserve the constitutional rights of the defendants. If the taint team was so negligent as to allow the release of one defendant's privileged information to another defendant, then how can it prove that this flawed procedure prevented the disclosure of privileged information to the prosecuting team, and

then to the grand jury? With no possibility that Defendant Woody's constitutional rights were protected, then the indictment cannot stand.

As an alternative to the dismissal of the indictment against Defendant Woody, all documents seized from Woody Pharmacy – Mooresville and Woody Pharmacy – Waterside should be suppressed from use at trial. The production of Defendant Kathy Giacobbe's privileged material to Defendant Woody shows either that the taint process was flawed, or, an even more alarming situation, that the chain of custody has not been maintained. If the government's evidence shows that documents seized from Defendant Kathy Giacobbe's residence are attributable to Defendant Woody and the seizures that took place at the pharmacies, then there must have been a total breakdown in document organization.

One explanation for the production of Defendant Kathy Giacobbe's privileged documents to Defendant Woody is that the search teams failed to maintain proper chain of custody for all evidence seized via the search warrants. While this provides an adequate explanation as to how privileged materials were sent to the wrong defendant, it shows conduct on the part of the government that is even more egregious than a flawed taint team process. Another explanation is that once the search was over, the United States Attorney's office itself failed to maintain proper procedures for ensuring the categorization of documents seized from the various locations. Such utter breakdowns in the investigative process

warrant the suppression of all documents seized from any location, as the original locations of those documents will never be known.

Should the indictment not be dismissed and the documents seized from the searches not be suppressed, Defendant Woody respectfully requests that this Court appoint a Special Master to conduct a review of the deficiencies in the document maintenance and taint team process utilized by the U.S. Attorney's office. Because of the risks to the constitutional rights of defendants, courts prefer the use of special masters to review seized material over the use of prosecutorial taint teams. *In re grand Jury Subpoenas*, 454 F.3d 511. Even when the prosecution already has seized materials in its possession and is utilizing a taint team, courts will still appoint a special master to ensure that the attorney-client privilege is protected. *See, e.g., United States v. Abbell*, 914 F. Supp. 519 (S.D. Fla. 1995).

In this situation, although the government's taint team has allegedly reviewed the documents, it is clear that a special master must be appointed in order to ensure that the constitutional rights of all defendants are protected. The government's failure to follow procedural safeguards in either its taint team process or its search and seizure process show that an independent third party must be appointed to review for any possible constitutional violations.

For the reasons above, Defendant Woody respectfully requests that the indictment be dismissed, or, in the alternative, that all documents seized be

suppressed at trial. Additionally, if neither of these remedies is granted, Defendant Woody requests that a special master be appointed to review the documents for possible privilege issues to guarantee that the constitutional rights of each defendant are protected.

Respectfully submitted, this 30th day of August 2007.

/s/ Craig Gillen
Craig Gillen
Gillen, Parker & Withers, LLC
One Securities Center
3490 Piedmont Road NE
Suite 1050
Atlanta, GA 30305
Tel: (404) 842-9700
Fax: (404) 842-9750
E-mail: cgillen@gcpwlaw.com

/s/ Richard Deke Falls
Richard Deke Falls
BARNETT & FALLS, P.A.
130-C North McDowell St
Charlotte NC 28204-2268
Tel: (704) 334-2044
Fax: (704) 334-2095
E-mail: deke@arnettfalls.com

/s/ Janet Kravitz
Janet Kravitz
Max Kravitz
KRAVITZ, BROWN & DORTCH, LLC
65 East State Street, Suite 200
Columbus, Ohio 43215
Tel: (614) 464-2000
Fax: (614) 464-2002
E-mail: jkravitz@kravitzllc.com

COUNSEL FOR DEFENDANT ALVIN WOODY

## CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(D), that the forgoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(B).

This 30th day of August 2007.

/s/ Craig Gillen
Craig Gillen
Gillen, Parker & Withers, LLC
One Securities Center
3490 Piedmont Road NE
Suite 1050
Atlanta, GA 30305
Tel: (404) 842-9700
Fax: (404) 842-9750
E-mail: cgillen@gcpwlaw.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 30th day of August, 2007, the undersigned electronically filed the **foregoing Defendant Alvin Woody's Motion to Dismiss Indictment, or, In the Alternative, to Suppress all Seized Documents, or, In the Alternative, to Appoint a Special Master**, with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Ms. Melissa Rikard
Mr. Dana O. Washington
Mr. Richard Deke Falls
Mrs. Janet Kravitz
Mr. Scott Hadden Gsell
Mr. Joseph E. Zeszotarski, Jr.
Mr. D. Michael Bush
Ms. Claire Rauscher

/s/ Craig Gillen
Craig Gillen
Gillen, Parker & Withers, LLC
One Securities Center
3490 Piedmont Road NE
Suite 1050
Atlanta, GA 30305
Tel: (404) 842-9700
Fax: (404) 842-9750
E-mail: cgillen@gcpwlaw.com

Counsel for Mr. Alvin Woody